DECISION
Defendant-appellant, Tony Lamont Nelms, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of carrying a concealed weapon in violation of R.C. 2923.12, and one count of having a weapon under disability in violation of R.C. 2923.13. Because appellant's assignment of error lacks merit, we affirm.
On March 23, 1998, Officer Travis Parker and two other uniformed Columbus police officers went to the home of Orlando Kellum at 1455 North Fourth Street to serve a warrant to Kellum for aggravated robbery. The officers were informed that Kellum was a black male, about five feet five inches tall. They were also informed that an unidentified black male, approximately six feet tall, had allegedly assisted Kellum in the aggravated robbery.
Before the uniformed officers arrived, two plainclothes officers in an unmarked car were watching the back of Kellum's house and radioed the uniformed officers that two black men and one black woman had arrived at the house and had gone inside. When the uniformed officers arrived at the house, they started to walk to the front door when Officer Parker saw one of the plainclothes officers running toward the back door. Officer Parker ran toward the back of the house to assist and, when he entered the back yard, he saw two men with their hands in the air: one black male about five feet five inches tall, and another black male about six feet tall. Officer Parker did a pat-down search of the taller man, later identified as appellant, and felt what he thought to be a gun. He then reached into appellant's coat and removed a revolver. The officers later learned that the shorter man was not Orlando Kellum, although they did not know that at the time.
As a result of this incident, appellant was arrested and charged with carrying a concealed weapon and having a weapon while under disability. Appellant entered a not guilty plea to the indictment and subsequently filed a motion to suppress. On January 5, 1999, the trial court overruled the motion to suppress. Appellant later entered a no contest plea to the indictment, was found guilty, and was sentenced on April 12, 1999, to twelve months of imprisonment.
Appellant appeals, assigning the following error:
 The trial court erred when it overruled the Defendant's Motion to Suppress Evidence.
Appellant contends that he was subjected to a warrantless search and seizure of his person in contravention of the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution. Both the Ohio and the United States Constitutions protect against unreasonable searches and seizures. The Supreme Court of Ohio has interpreted Section 14, Article I of the Ohio Constitution as affording the same protection as the Fourth Amendment of the United States Constitution because the sections are virtually identical. State v. Robinette (1997), 80 Ohio St.3d 234, 238. Thus, the issue here is whether this search was reasonable under theFourth Amendment.
A Fourth Amendment seizure will not be considered unconstitutional if it was reasonable. Terry v. Ohio (1968),392 U.S. 1. To establish the existence of reasonable suspicion for a seizure, a police officer must "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, at 21. Such an investigatory stop "must be viewed in light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. The standard for reviewing such police conduct is an objective one. The question is "would the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Terry, at 21-22.
In this case, Officer Parker provided specific facts which reasonably warranted the search. Orlando Kellum was wanted for aggravated robbery. When Officer Parker arrived at the backyard of the house, he saw one man that fit the description of Kellum, and another man, appellant, who fit the description of the person who allegedly assisted Kellum in the robbery. Officer Parker believed that these two men were the two who committed the robbery. He testified that he did a pat-down search of appellant to make sure that he did not have a weapon that could jeopardize Parker's safety or the safety of others. As previously stated, the Fourth Amendment only prohibits searches and seizures that are unreasonable. Given the facts of this case, we find that the trial court did not err in finding that there was probable cause for Officer Parker to pat-down appellant.
Based on the totality of the circumstances surrounding the incident, we hold that Officer Parker's conduct was lawful under the Fourth Amendment of the United States Constitution, and also under Section 14, Article I of the Ohio Constitution. Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BRYANT and DESHLER, JJ., concur.